## Richards v. Cleveland Jewish Orphan Home.

*Negligence—Automobile injures pedestrian crossing street intersection—Question for jury—Failure to sound horn—Duty to charge jury thereon, when—Inference of prejudice by eliminating from jury material fact in issue—Error prejudicial unless facts affirmatively show it is not—Scintilla rule—Slight evidence of permanency of injury presents question for jury—Elimination of such issue from jury's consideration not prejudicial, when.*

1. Where automobile turned to right at street intersection and injured pedestrian crossing intersecting street, whether automobile driver immediately prior to turning sounded horn *held* question for jury.
2. Where negligence alleged was that automobile driver failed to sound horn on turning to right at intersecting street used by pedestrian, it was element for jury on charge of negligence.
3. It is legal inference that prejudice arises by eliminating from jury material fact properly pleaded and part of negligence alleged.
4. Error is prejudicial unless there is fact in record affirmatively showing that it is not.
5. Slight evidence as to permanency of injury made question thereof under scintilla rule one for jury.
6. Where record left little foundation on which charge of permanency of injury might rest, elimination of issue thereof from jury *held* not prejudicial.

(Decided October 11, 1926.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Stearns, Chamberlain & Royon,* for plaintiff in error.

*Mr. Paul Howland,* for defendant in error.

Sullivan, J. This cause comes into this court

on error from the court of common pleas of Cuyahoga county, wherein the court, in an action for damages for personal injuries, by reason of an automobile accident, pronounced judgment for defendant upon the verdict of a jury, under facts substantially as follows:

The plaintiff below, May E. Richards, is an old lady about 76 years of age, who, at the time of the accident, was crossing Carnegie avenue, on the west side thereof, at the intersection of East 105th street, and who, while going north toward Euclid avenue, and when nearing the north curb on Carnegie avenue, in the pathway used as a crosswalk for pedestrians, was hit by the automobile of the defendant, then and there driven by one of its agents, and suffered serious injuries as a result thereof.

One of the errors assigned is that the court instructed the jury with respect to contributory negligence, when no issue thereof was made in the pleadings, and it is further urged that no issue thereof arose from the evidence in the case.

From an examination of the record, we find that the conduct of the plaintiff as well as that of the defendant became an important issue, and we are satisfied that the evidence in the record bearing upon this element of the case was sufficient to justify the court in charging the law with respect to contributory negligence; and, finding no evidence in the record that the instructions in this respect were improper, we conclude that as to this aspect of the case there is no error in the record.

It further urged that the court committed error prejudicial to the plaintiff for the reason that the

court eliminated from the consideration of the jury the issue whether or not immediately prior to the collision the horn of defendant's automobile was sounded for the purpose of warning the plaintiff.

It appeared from the evidence that the accident happened in the latter part of the afternoon when there was a congestion at the intersection of East 105th street and Carnegie avenue, when the defendant was traveling in a line of traffic, and it is claimed that consequently it was immaterial whether defendant sounded his horn, because it would have been no warning or notice to the plaintiff. In addition to this fact it is claimed that inasmuch as she was going north the approaching automobile was coming in the opposite direction and was therefore within her own line of vision, and it is urged that this fact was sufficient to justify the court in taking this issue from the jury.

From an examination of the petition it appears as one of the grounds of negligence that the defendant failed to sound the horn. Under every principle of trial procedure in jury cases this was an element to be taken into consideration as bearing upon the truth of the charge of negligence in this respect made by the plaintiff against the defendant. It is clearly a circumstance and inference flowing from the evidence that the materiality of the warning by the horn would arise at that point in the intersection where the defendant was about to turn west onto Carnegie avenue, out of the general line of traffic, and this situation eliminates the claim of the defendant that, inasmuch as the automobile was coming in the opposite direction, it was the duty of the plaintiff to be aware of its presence

and direction, but does not relieve the record of the situation which clearly appears therein that the sounding of the horn only became applicable to the situation as the automobile was preparing to change its direction from a southerly to a westerly course, for prior to such a situation it is obvious that the pedestrian would have no knowledge of the intention of the driver of the automobile to change his direction.

The record as to this situation presented a critical question as to the negligence of the defendant and the contributory negligence of the plaintiff, and we think that under this aspect it became the province of the jury to consider this fact in connection with all the other facts and circumstances of the case, and from the instructions given by the court in eliminating the question of the warning by the horn this right of the plaintiff to submit this particular fact to the jury was denied, or, to put it in its mildest form, was abridged, and we are of the unanimous opinion that it was to the prejudice of the plaintiff, because it is a legal inference that prejudice arises by eliminating from the consideration of the jury a material fact which is properly pleaded and constitutes part of the alleged acts of negligence.

It is claimed that, notwithstanding the denial of this right to have the jury try this issue of fact, substantial justice has been done. Under the authorities, error is prejudicial unless there is some fact in the record which affirmatively shows that it is not prejudicial, and the status of the record does not affirmatively show this negation; therefore we cannot say that substantial justice has been done notwithstanding the premises.

It is also claimed that the court committed error in eliminating in the same way the issue as to permanent injury. The court undoubtedly withdrew this question from the jury upon the theory that there was no evidence of a permanent injury, but on examining the record we find evidence, slight though it may be, that the plaintiff will continue in the future to suffer pain, and, though the matter is merely a question of the weight of the evidence, yet under the scintilla rule it becomes a question for the jury instead of a question for the court. Upon this point of error, however, after an examination of the record, it is our judgment that this elimination from the jury was not of a prejudicial nature, because the whole state of the record upon the question of the permanency of the injury leaves little foundation upon which the charge of permanency might rest, and therefore we think as to this question the rights of the plaintiff were not prejudiced.

In examining the record as to the other assignments of error, we do not find any justification for complaint, and, with the exception of the instructions of the court with reference to the sounding of the horn, we find no error in the charge.

Holding these views, the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LEVINE, P. J., and VICKERY, J., concur.